**This order is SIGNED.**

**Dated: February 24, 2026**

**PEGGY HUNT**
**U.S. Bankruptcy Judge**



*aep*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>CODY DARRELL MUNGER and<br>BECKY LOUISE MUNGER,<br><br><br>Debtors. | Bankruptcy Number: 26-20829<br><br>Chapter 11 (Under SubChapter V)<br><br>Honorable Peggy Hunt |

## SUBCHAPTER V INITIAL SCHEDULING ORDER, INCLUDING CLAIMS BAR DATE AND DEADLINE TO MAKE SECTION 1111(b) ELECTION

In accordance with Subchapter V of Chapter 11 of Title 11 of the United States Code, the Court **HEREBY ORDERS**:

1. **Notice of the Case**. Within fourteen (14) days following entry of the Order for Relief, which is **March 5, 2026**, the Debtor shall serve the notice required under Fed. R. Bankr. P. 2015(a)(4) and (b).

2. **Status Conference**. The Court will hold a Status Conference as required under 11 U.S.C. § 1188(a) on **April 14, 2026** at **2:00 p.m. Mountain Time**.

   a. **Videoconference**: The Status Conference will be held by videoconference through the Court's Zoomgov login credentials: www.zoomgov.com; Meeting ID 161 4747

8650; Passcode: 9671833.[1] As required under 11 U.S.C. §§ 1116(2) and 1187(b), the Debtor's representative and Debtor's counsel shall appear at the Status Conference.

   b. **Continuances**: Motions to continue the Status Conference must be filed with the Court and served on the Standing Subchapter V Trustee and the United States Trustee and must state whether the Subchapter V Trustee consents to the continuance, or if consent has not been obtained, what efforts were made to contact the Subchapter V Trustee prior to the filing of the motion. A motion requesting a continuance to a date that is more than sixty (60) days after the entry of the Order for Relief must comply with 11 U.S.C. § 1188(b). All other motions must make a showing of good cause.

3. **Status Report**. At least fourteen (14) days prior to the Status Conference, which is **March 31, 2026**, the Debtor shall file with the Court the report required by 11 U.S.C. § 1188(c) and shall serve the report on the Subchapter V Trustee, the United States Trustee, and all parties in interest. The report should:

   a. include the information requested in 11 U.S.C. § 1188(c); and

   b. set forth whether the Debtor is in compliance with 11 U.S.C. § 1187(a) and (b), Fed. R. Bankr. P. 2015(b), and Local Rule 2081-1(a) and (b).

4. **Proof of Claim or Interest Bar Date**. Notwithstanding Local Rule 3003-1, and except as provided in Fed. R. Bankr. P. 3002(c) and 3003(b)(3), creditors other than governmental units shall file proof of their claim or interest not later than seventy (70) days following entry of the

---

[1] For more information and a direct link, please visit the Court's website at: https://www.utb.uscourts.gov/video.

Order for Relief, which is **April 30, 2026**. 11 U.S.C. § 502(b)(9) and Fed. R. Bankr. P. 3002(c)(1) shall govern the timing of the filing of proof of claims by governmental units.

5. **<u>Plan Filing</u>**. In accordance with 11 U.S.C. § 1189(b), not later than ninety (90) days following entry of the Order for Relief, which is **May 20, 2026**, the Debtor shall file and serve a plan that conforms to the requirements of 11 U.S.C. §§ 1190 and 1191. Any motion seeking to extend this deadline shall be filed with the Court and served on the Standing Subchapter V Trustee and the United States Trustee, and must comply with 11 U.S.C. § 1189(b) and Fed. R. Bankr. P. 9006(b). The motion must state the position of the Subchapter V Trustee regarding the requested extension.

6. **<u>Section 1111(b)(2) Election</u>**. Pursuant to Fed. R. Bankr. P. 3014, any secured creditor that wishes to make an election under 11 U.S.C. § 1111(b)(2) shall do so no later than fourteen (14) days following the filing of a plan. Concurrently with the filing of the plan, the Debtor must provide notice to secured creditors of the filing of the plan and of the deadline to make the election set forth herein.

7. **<u>Failure to Comply</u>**. Failure to comply with this Order may result in the imposition of sanctions. In the Court's discretion, these sanctions might include but are not limited to, conversion or dismissal of this case pursuant to 11 U.S.C. § 1112, removal of the Debtor in possession under 11 U.S.C. § 1185, and/or monetary sanctions.

--END OF ORDER--

# DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing *SUBCHAPTER V INITIAL SCHEDULING ORDER, INCLUDING CLAIMS BAR DATE AND DEADLINE TO MAKE SECTION 1111(b) ELECTION* will be made in the manner designated below:

**By Electronic Service:**

- **Andres' Diaz**   courtmail@adexpresslaw.com
- **Timothy J. Larsen**   tlarsen@adexpresslaw.com
- **Kevin Neiman**   trustee@ksnpc.com, CO40@ecfcbis.com
- **United States Trustee**   USTPRegion19.SK.ECF@usdoj.gov
- **Aaron M. Waite**   aaronmwaite@agutah.gov
- **Melinda Willden tr**   melinda.willden@usdoj.gov, Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov ;Brittany.Dewitt@usdoj.gov

**By U.S. Mail:** In addition to the parties receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

- *All parties on the Court's official mailing matrix.*