Andres Diaz (A4309)
Timothy J. Larsen (A10263)
**DIAZ & LARSEN**
757 East South Temple, Suite 201
Salt Lake City, UT 84102
Telephone: (801) 596-1661
Fax: (801) 359-6803
Email: courtmail@adexpresslaw.com
 *Proposed Attorneys for the Debtor in Possession*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| In Re: | Bankruptcy No. 26-20829 |
| | Chapter 11 (Subchapter V) |
| CODY DARRELL MUNGER and | |
| BECKY LOUISE MUNGER, | Trustee (Kevin S. Neiman) |
| | FILED ELECTRONICALLY |
| Debtors in Possession. | Honorable Peggy Hunt |

**DEBTORS' MOTION TO EXTEND THE AUTOMATIC STAY
PURSUANT TO 11 U.S.C. § 362(c)(3)(B)**

Pursuant to 11 U.S.C. § 362(c)(3)(B), the Debtors and Debtors in Possession, Cody and

Becky Munger (the "Debtors"), by and through their attorneys of record, Diaz & Larsen

("D&L"), hereby move this Court for an Order extending the automatic stay in this case to the

Debtors as against all creditors. In support of its Motion, the Debtors allege the following:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G).

2.   Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

1

3. The statutory basis for the relief requested is 11 U.S.C. § 362(c)(3)(B).

## STATEMENT OF FACTS[1]

**A. The Prior Bankruptcy Case and Its Dismissal**

4. On or about August 21, 2025, the Debtors filed a voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code in this Court, Case No. 25-24898 (the "Prior Case").

5. At the time of filing the Prior Case, the Debtor was represented by Rogers & Russell, PLLC ("Prior Counsel").

6. During the pendency of the Prior Case, the Court ordered the Debtors, among other things, to file the Notice of the Case under Fed. R. Bankr. P. 2015(a)(4)(b), the Status Report under section 1188(a) of the Bankruptcy Code and to file the monthly operating report for August by October 13, 2025.

7. The items ordered by the Court are routine items required in all Sub Chapter V bankruptcy cases.

8. The Debtors were unaware of the requirements under the Bankruptcy Code and Bankruptcy Rules or the court orders and expected Prior Counsel to keep them informed as to their responsibilities under the Bankruptcy Code, the Bankruptcy Rules and any court orders, which Prior Counsel failed to do.

---

[1] The Debtors have filed with this Motion the DECLARATION OF CODY AND BECKY MUNGER IN SUPPORT OF DEBTORS' MOTION TO EXTEND THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(c)(3)(B) to establish the factual statements set forth herein.

9. Despite the Debtors' best efforts and good-faith intent to reorganize, the Prior Case was dismissed on October 15, 2025. The dismissal was not the result of any bad faith conduct, intentional delay, or abuse of the bankruptcy process by the Debtors.

10. The Debtors did not seek to manipulate the automatic stay, delay creditors for improper purposes, or otherwise abuse the bankruptcy process. The dismissal of the Prior Case was solely attributable to the professional failures of Prior Counsel, not to any deficiency in the Debtors' commitment to reorganization.

**B.  The Commencement of the Instant Case and Retention of New Counsel**

11. On February 19, 2026 (the "Petition Date"), the Debtors filed their voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code (the "Current Case").

12. Following the dismissal of the Prior Case, the Debtors retained Andres Diaz, Timothy Larsen, and the law firm of Diaz & Larsen ("Current Counsel") as bankruptcy counsel.

13. Current Counsel has extensive experience in Chapter 11 reorganization cases, and in particular in Subchapter V cases under the Small Business Reorganization Act of 2019. Current Counsel has successfully represented debtors in Subchapter V cases before this Court, routinely meeting all required filing deadlines, including: (a) the 90-day Subchapter V plan filing deadline under 11 U.S.C. § 1189(b); (b) monthly operating reports; (c) all schedules, statements, and related documents; and (d) all other deadlines imposed by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of this Court and orders of the Court.

14. Current Counsel maintains established internal systems and calendaring protocols specifically designed to ensure compliance with all bankruptcy filing requirements and court-ordered deadlines. Current Counsel has a proven track record of diligently prosecuting Subchapter V cases through to plan confirmation.

15. The retention of Current Counsel constitutes a substantial change in the Debtor's circumstances since the dismissal of the Prior Case, and, together with the other facts set forth herein, demonstrates that the Current Case has been filed in good faith.

**C. The Debtor's Present Financial Condition and Reorganization Prospects**

16. The Debtors' underlying construction business remains viable. The Debtors continue to generate revenue from its ongoing operations that will be used to fund the Debtors' successful reorganization.

17. The Debtors have a realistic and achievable path to a confirmable Subchapter V plan of reorganization. The Debtor intends to propose a plan providing for payment of secured claims and a meaningful distribution to general unsecured creditors funded through ongoing operations of the Debtors' construction business.

18. The continuation of the automatic stay is essential to the Debtors' ability to stabilize its business operations, preserve the going-concern value of its assets, and prosecute the Current Case to a successful reorganization for the benefit of all creditors.

# LEGAL ARGUMENT

## I.   The Automatic Stay Is Subject to the Thirty-Day Limitation Under 11 U.S.C. § 362(c)(3)(A)

19.   Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), when an individual debtor had a prior case dismissed within the preceding one-year period, the automatic stay "shall terminate with respect to the debtor on the 30th day after the filing of the later case." 11 U.S.C. § 362(c)(3)(A).

20.   Importantly, the Tenth Circuit Bankruptcy Appellate Panel has held that this thirty-day termination provision operates only as to the debtor and property of the debtor — it does not terminate the automatic stay as to property of the estate. *Holcomb v. Hardeman (In re Holcomb)*, 380 B.R. 813, 816 (B.A.P. 10th Cir. 2008) ("If Congress meant to terminate the stay in its entirety, it would have done so in plain language as it did in § 362(c)(4)(A)(i).").

21.   Nonetheless, the Debtor seeks a full extension of the automatic stay as to all creditors pursuant to § 362(c)(3)(B) to ensure the orderly administration of the Current Case and the protection of all estate assets and the Debtor's reorganization efforts.

## II.   The Court May Extend the Stay Upon a Showing of Good Faith by Clear and Convincing Evidence

22.   Section 362(c)(3)(B) authorizes this Court to extend the automatic stay beyond the thirty-day period "only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed." The hearing must be completed before the expiration of the

thirty-day stay period. 11 U.S.C. § 362(c)(3)(B).

23. The minimum requirements for continuation of the stay are: (1) a motion is filed; (2) there is notice and a hearing; (3) the hearing is completed before the expiration of the thirty-day period; and (4) the debtor demonstrates that the filing is in good faith by clear and convincing evidence. *In re Montoya*, 333 B.R. 449, 453 (Bankr. D. Utah 2005); *In re Galanis*, 334 B.R. 685, 693 (Bankr. D. Utah 2005).

24. "Good faith" is evaluated under the totality of the circumstances, with courts examining: the reasons for the prior dismissal; whether changed circumstances exist; the debtor's history of compliance; the realistic prospects for a successful reorganization; and whether the filing was motivated by a legitimate reorganization purpose rather than an intent to delay or harm creditors. *Montoya*, 333 B.R. at 457–58; Galanis, 334 B.R. at 693.

25. While the statute creates a presumption of bad faith in certain circumstances, that presumption "may be rebutted by clear and convincing evidence to the contrary." 11 U.S.C. § 362(c)(3)(C); *Montoya*, 333 B.R. at 461 (characterizing the presumption as a "heavy burden with a harsh result").

**III. As Set Forth in the Supporting Declaration, the Debtors Have Demonstrated Good Faith by Clear and Convincing Evidence**

26. The facts of this case demonstrate, by clear and convincing evidence, that the Current Case has been filed in good faith. The following factors compel this conclusion: (a) Prior Counsel failed to keep the Debtors informed of their obligations under the Bankrutpcy Code, Bankruptcy

Rules and the Orders of the Court.(b) Had Prior Counsel kept the Debtors' informed of their obligations under the Bankruptcy Code, Bankruptcy Rules and the Orders of the Court, the Debtors would have taken action to comply. (c) the Debtors have sought out and retained Current Counsel which has extensive experience in Chapter 11 reorganization proceedings, and in particular in Subchapter V cases under the Small Business Reorganization Act of 2019. (d) Current Counsel has successfully represented debtors in Subchapter V proceedings before this Court, routinely ensuring that debtors meet all required filing deadlines, comply with the Bankruptcy Code and Bankruptcy Rules as well as all Orders of the Court.

27. Courts have consistently recognized that the dismissal of a prior case due to counsel's professional failures — rather than the debtor's own bad faith conduct — weighs heavily in favor of a good faith finding in the subsequent filing. Where a debtor had a genuine intent to reorganize and the prior case was dismissed through no fault of the debtor's own, the purposes of § 362(c)(3) — deterrence of abusive serial filers — are not implicated.

28. Here, the Debtors at all times intended to prosecute the Prior Case through to confirmation of a reorganization plan. The Debtor did not voluntarily dismiss the Prior Case, did not seek to manipulate the automatic stay, and did not file the Prior Case for any improper purpose.

29. Section 362(c)(3)(C)(i)(II)(cc) expressly provides that the bad faith presumption does not apply — or may be rebutted — upon a showing of "a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case" or "any other reason to conclude that the later case will be concluded" with a confirmed plan.

30. The retention of Current Counsel constitutes precisely such a changed circumstance.

Current Counsel is experienced in Subchapter V cases and has an established, proven track record of:

A. Timely filing all required schedules, statements, and documents within the deadlines prescribed by the Bankruptcy Code and Federal Rules of Bankruptcy Procedure;

B. Filing Subchapter V plans of reorganization within the 90-day period required by 11 U.S.C. § 1189(b);

C. Filing monthly operating reports on a timely basis;

D. Maintaining open and cooperative communication with the Subchapter V Trustee, the US Trustee and creditors; and

E. Successfully prosecuting Subchapter V cases through to plan confirmation.

31. The competence and commitment of Current Counsel fundamentally eliminates the cause of the prior dismissal and provides this Court with a sound basis to conclude that the Current Case will be conducted properly and conclude with a confirmed plan.

32. The Debtors' business is viable and continues to generate revenues that will be utilized by the Debtors to successfully reorganize. The Debtors have a genuine and realistic prospect of successfully reorganizing under Subchapter V. The Debtors do not seek to improperly delay or hinder any specific creditor; rather, the Debtors seek the protection of the automatic stay to allow it to stabilize its business, develop a confirmable Subchapter V plan, and make meaningful distributions to creditors — a result that serves the interests of all parties.

33. Allowing the automatic stay to lapse would cause immediate and irreparable harm to the Debtors' reorganization efforts and, by extension, to creditors. Without the protection of the automatic stay, individual creditors could commence or resume collection actions, garnishments, foreclosures, or other enforcement activities that would diminish the value of the estate and undermine any prospect of an orderly reorganization and meaningful distribution.

34. The extension of the stay promotes the fundamental bankruptcy policy of equitable treatment of all creditors and maximization of value for the benefit of the estate as a whole. It is firmly in the interests of all parties that the Debtors be afforded the breathing room necessary to prosecute this case under the competent and experienced guidance of Current Counsel.

35. This is only the Debtorss second bankruptcy filing. There is no history of repeated filings designed to frustrate creditor remedies. The Debtors filed the Prior Case in good faith, the Prior Case was dismissed solely due to deficiencies outside of the Debtors' control, and the Debtors have now retained capable and experienced counsel to ensure the Current Case proceeds properly. This is not the type of serial filing behavior that § 362(c)(3) was enacted to address. See *Montoya*, 333 B.R. at 449; *Galanis*, 334 B.R. at 685.

## PROCEDURAL COMPLIANCE

36. This Motion is timely filed within the thirty (30) day period following the Petition Date, as required by 11 U.S.C. § 362(c)(3)(B). Pursuant to the Debtor's request for an expedited hearing, this Motion has been served on all creditors, the Subchapter V Trustee, and the United States Trustee, as set forth in the accompanying certificate of service.

37.    The Debtor respectfully requests that the Court schedule a hearing on this Motion to be completed before the expiration of the thirty-day period following the Petition Date, *i.e.,* before March 21, 2026.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, the Debtor respectfully requests that this Court enter an Order: (a) Finding that the Current Case was filed in good faith as to all creditors, pursuant to 11 U.S.C. § 362(c)(3)(B); (b) Extending the automatic stay imposed by 11 U.S.C. § 362(a) as to all creditors beyond the initial thirty (30) day period, through the pendency of the Current Case or until such time as the stay is otherwise terminated or modified by order of this Court; (c) Scheduling a hearing on this Motion on an expedited basis to be completed March 21, 2026; and,(d) Granting such other and further relief as the Court deems just and proper under the circumstances.

DATED this 26th day of February 2026.

**DIAZ & LARSEN**

/s/ Andres Diaz_____
Proposed Attorneys for the Debtors
in Possession

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 26th day of February 2026, a true and correct copy of the foregoing DEBTORS' MOTION TO EXTEND THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(c)(3)(B), was delivered to the following via ECF:

- **Andres' Diaz    courtmail@adexpresslaw.com**
- **Timothy J. Larsen    tlarsen@adexpresslaw.com**
- **Kevin Neiman    trustee@ksnpc.com, CO40@ecfcbis.com**
- **United States Trustee    USTPRegion19.SK.ECF@usdoj.gov**
- **Aaron M. Waite    aaronmwaite@agutah.gov**
- **Melinda Willden tr    melinda.willden@usdoj.gov, Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov**

In addition to the parties receiving notice through the CM/ECF system, I further certify that on this 26th day of February 2026, I caused the foregoing DEBTORS' MOTION TO EXTEND THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(c)(3)(B), to be mailed by first-class U.S. Mail, postage prepaid, to each of the other parties listed on the Matrix attached to the original only of this document.

<u>Andres Diaz</u>_____

Label Matrix for local noticing
1088-2
Case 26-20829
District of Utah
Salt Lake City
Wed Feb 25 15:24:44 MST 2026

America First Credit Union
P.O. Box 9199
Ogden, UT 84409-0199

Apple Card/Goldman Sachs
Lockbox 6112
PO Box 7247
Philadelphia, PA 19170-0001

Bridgecrest
PO Box 842695
Los Angeles, CA 90084-2695

CBE Group
Bankruptcy Department
PO Box 126
Waterloo, IA 50704-0126

(p)CAINE & WEINER COMPANY
12005 FORD ROAD 300
DALLAS TX 75234-7262

Capital One
PO Box 31293
Salt Lake City, UT 84131-0293

Citizen's Bank
PO Box 7092
Bridgeport, CT 06601-7092

(p)CITIZENS BANK N A
ATTN BANKRUPTCY TEAM
ONE CITIZENS BANK WAY
JCA115
JOHNSTON RI 02919-1922

Andres' Diaz
Diaz & Larsen
757 East South Temple
Suite 201
Salt Lake City, UT 84102-1226

Ecco Equipment, LLC
1108 West 200 South
Lindon, UT 84042-1605

Express Recovery
P.O. Box 26415
Salt Lake City, UT 84126-0415

Halliday, Watkins & Mann, PC
376 East 400 South
Suite 300
Salt Lake City, UT 84111-2906

Holland & Hart LLP
PO Box 1107
Salt Lake City, UT 84110

IRS
Central Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

Timothy J. Larsen
Diaz & Larsen
757 East South Temple
Suite 201
Salt Lake City, UT 84102-1226

Lawn Doctor of Lehi
266 E. Davis Lane
Lehi, UT 84043-9631

Becky Louise Munger
15319 South Greene Fern Circle
Bluffdale, UT 84065-3082

Cody Darrell Munger
15319 South Greene Fern Circle
Bluffdale, UT 84065-3082

Munger Construction
15319 South Green Fern Circle
Bluffdale, UT 84065-3082

Kevin Neiman
Law Offices of Kevin S. Neiman, pc
PO Box 100455
Denver, CO 80250-0455

(p)OUTSOURCE RECEIVABLES MANAGEMENT
ATTN LAURA MCBRAYER
PO BOX 166
OGDEN UT 84402-0166

Primus Law, PC
PO Box 25727
Salt Lake City, UT 84125-0727

Putin and Friedland
935 National Parkway
Schaumburg, IL 60173-5150

SMTD Law LLP
17901 Von Karman Ave.
Suite 500
Irvine, CA 92614-5218

Select Portfolio Servicing
PO Box 65250
Salt Lake City, UT 84165-0250

Silver Estates HOA
c/o Rick Krawiecki
2493 West Silverpoint Way
Riverton, UT 84065-3030

Sukut Equipment, Inc.
PO Box 7200
San Bernardino, CA 92411-0200

Synchrony Bank/Amazon
PO Box 965015
Orlando, FL 32896-5015

Synchrony Bank/Venmo
PO Box 960080
Orlando, FL 32896-0080

| | | |
|---|---|---|
| (p)T MOBILE<br>C O AMERICAN INFOSOURCE LP<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY OK 73118-7901 | Unique Management Services<br>PO Box 863<br>Jeffersonville, IN 47131-0863 | United States Trustee<br>Washington Federal Bank Bldg.<br>405 South Main Street<br>Suite 300<br>Salt Lake City, UT 84111-3402 |
| University of Utah Healthcare<br>PO Box 841842<br>Los Angeles, CA 90084-1482 | Utah State Tax Commission<br>c/o 160 E. 300 So. 5th Floor<br>PO Box 140874<br>Salt Lake City, UT 84114-0874 | Utah State Tax Commission<br>Attn: Michelle Riggs<br>210 North 1950 West<br>Salt Lake City, UT 84134-9000 |
| (p)VIVINT SMART HOME<br>ATTN EXCEPTION REVIEW<br>3401 ASHTON BLVD<br>LEHI UT 84048-5307 | Aaron M. Waite<br>Office of Utah Attorney General<br>160 E 300 S, Fifth Floor<br>Salt Lake City, UT 84114 | Walker Law Firm<br>299 South Main Street<br>Suite 1300<br>Salt Lake City, UT 84111-2241 |
| Melinda Willden tr<br>US Trustees Office<br>Washington Federal Bank Building<br>405 South Main Street<br>Suite 300<br>Salt Lake City, UT 84111-3402 | Worldwide Machinery, LTD<br>7932 West 7800 South<br>West Jordan, UT 84088 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Caine & Weiner<br>PO Box 55848<br>Sherman Oaks, CA 91413 | Citizens Bank N.A.<br>One Citizens Bank Way<br>Johnston, RI 02919<br>Mailstop JCA 115 | Outsource Receivables<br>PO Box 166<br>Ogden, UT 84402 |
| T-Mobile<br>Attn: Bankruptcy<br>PO Box 53410<br>Bellevue, WA 98015 | Vivant Smart Home<br>4931 North 300 West<br>Provo, UT 84604-5816 | End of Label Matrix<br>Mailable recipients    40<br>Bypassed recipients     0<br>Total                   40 |